UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-14315-CIV-MARRA

JOHN HUNSINGER,

      Plaintiff,

vs.

LEEHI INTERNATIONAL,

      Defendant.

_____/

## ORDER AND OPINION

     This cause is before the Court upon Plaintiff's Motion for Summary Judgment (DE 38; DE 54), Defendant's Motion for Summary Judgment (DE 44), Plaintiff's Motion for an Investigation on the Process Server (DE 57) and Plaintiff's Motion for the Court to File Lis Penden (DE 69). The Court has carefully considered the motions and is otherwise fully advised in the premises.

**I.**

     The facts, as culled from affidavits and exhibits and reasonably inferred therefrom, for the purpose of this motion, are as follows:

     In July of 2001, Defendant Leehi International ("Leehi" "Defendant") financed the purchase of a mobile home by Sandra L. Mallett ("Mallett"). (Gurino Aff. ¶ 3, attached to DE 47.) Title to the home, issued on August 1, 2001, listed Mallett as "Registered Owner" and Leehi as "1st Lienholder." (Mobile Home Title, Ex. A, attached to Gurino Aff.) After Mallett failed to provide Leehi with payments owed, Leehi repossessed the home, obtaining a certificate of repossession from the State of Florida. (Certificate of Repossession, Ex. B, attached to Gurino

Aff.)

On or about July 26, 2002, Defendant sold the newly repossessed home to John Martin Hunsinger ("Plaintiff"). Plaintiff mailed bank check number 19-05558 to Defendant in the amount of $11,675.00 as payment in full. (Check, Ex. C, attached to Gurino Aff.) Plaintiff included a note with the check instructing Defendant to deliver title of the home to Ed Farren at "3224 S.E. Banyan Street, Stuart, Fl 34997." (Note, Ex. D, attached to Gurino Aff.) Following receipt of Plaintiff's check, Defendant sent Plaintiff the title affixed with the signature of Leehi President John Gurino, thus releasing Defendant's lien. (Gurino Aff. ¶ 7.) On August 12, 2002, Plaintiff received the keys to the home at the Hobe Sound Mobile Home Park ("Mobile Home Park") and subsequently took possession. ("Second Notice," Ex. E, attached to Gurino Aff.)

On or about October 19, 2002, Plaintiff sent Defendant a letter — entitled "SECOND NOTICE" — stating that "[Plaintiff] still do[es] not have the title for the home." ("Second Notice," Ex. E, attached to Gurino Aff.) The letter, which was received by Defendant shortly after October 19, 2002, contains a request that Defendant provide the title "a.s.a.p." followed by a warning that Plaintiff is "tiered (sic) of waiting and thinking of taking legal action to resolve this matter."("Second Notice," Ex. E, attached to Palomino Aff.) Plaintiff subsequently stopped paying rent for the lot due to Mobile Home Park and was evicted on May 21, 2003. (Composite Ex. F, attached to Gurino Aff.)

Defendant moves for Summary Judgment on the basis that Plaintiff's claim is time-barred by the applicable statute of limitations.[1] (DE 44 at 1.) In response, Plaintiff contends that the

---

[1] Jurisdiction in the instant case is founded upon diversity of citizenship, so the substantive law of the forum state, in this case Florida, applies. *McMahan v. Toto*, 256 F.3d 1120, 1131 (11th Cir. 2001).

statute of limitations should be tolled. ("Motion," Ex. A, attached to DE 55.) With respect to

Plaintiff's motion for Summary Judgment, Plaintiff argues that Defendant is in breach of contract

for failing to deliver title to the home. (DE 38 at 1; DE 54 at 1-3.)

## II.

The Court may grant summary judgment "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." FED. R. CIV. P. 56 (c). The stringent burden of establishing the absence of a

genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317,

323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is

unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this

regard should be resolved against the moving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144,

157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for

its motion, and identifying those portions of [the record] which it believes demonstrate the

absence of a genuine issue of material fact."  *Celotex Corp.*, 477 U.S. at 323.  To discharge this

burden, the movant must point out to the Court that there is an absence of evidence to support the

nonmoving party's case.  *Id*. at 325.

After the movant has met its burden under Rule 56 (c), the burden of production shifts

and the nonmoving party "must do more than simply show that there is some metaphysical doubt

as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S.

574, 586 (1986).  According to the plain language of  FED. R. CIV. P. 56 (e), the non-moving

party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56 (e); *Matsushita*, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson*, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. 242, 249-50.

### III.

The relevant facts applicable to the statute of limitations are not in dispute. Florida Statute §95.11(2) provides that actions other than for recovery of real property,[2] such as a legal or equitable action on a contract, obligation, or liability founded on a written instrument, shall be commenced within five years.[3] Fla. Stat. §95.11(2)(b). As Plaintiff is alleging a breach of contract, the threshold inquiry is determining the point at which the alleged breach occurred.

### A.

---

[2] A mobile home is considered real property for taxation purposes only when the owner of the mobile home is also the owner of the land on which the mobile home is situated and said mobile home is permanently affixed thereto. Fla. Stat. §320.015(1) (2006). There is no record evidence that the mobile home is permanently affixed to the land. In any event, the land is owned by the Mobile Home Park, not Plaintiff. (Composite Ex. F, attached to Gurino Aff.)

[3] The alleged contract is not attached to Plaintiff's Complaint nor is it found anywhere else on the docket. However, as neither party disputes the existence of the contract, the Court presume its existence and validity.

Florida Statute §95.031 provides that in a suit for breach of contract, the cause of action accrues when the last element giving rise to the cause of action takes place. *see* Fla. Stat. §95.031(1) (2003); *BDI Constr. Co. v. Hartford Fire Ins. Co.*, 995 So. 2d 576, 577 (Fla. 3rd Dist. Ct. App. 2008). The elements of a breach of contract action consist of: (1) a valid contract; (2) a material breach; and (3) damages. *Abbott Lab., Inc. v. Gen. Elec. Capital*, 765 So. 2d 737, 740 (Fla. 5th Dist. Ct. App. 2000). In such actions, however, it is well-established that a statute of limitations runs from the time of the breach regardless of the point where damages result or become ascertainable. *See Med. Jet S.A. v. Signature Flight Support-Palm Beach, Inc.*, 941 So. 2d 576, 578 (Fla. 4th Dist. Ct. App. 2006); *Fradley v. County of Dade*, 187 So. 2d 48, 49 (Fla. 3rd Dist. Ct. App. 1966); *see also Abbott Lab.*, 765 So. 2d at 740 (holding that since at least nominal damages are sustained at the time of a breach of contract, all of the elements necessary to maintain a lawsuit and obtain relief in court are present at the time of the breach). "The general rule is consistent with the policy behind the statute of limitations, which is to prevent unreasonable delay in the enforcement of legal rights and to protect against the risk of injustice." *Med. Jet, S.A.*, 941 So. 2d at 578 (citing *Hawkins v. Barnes*, 661 So. 2d 1271, 1272 (Fla. 5th Dist. Ct. App. 1995)) (quotations omitted). The rule provides an "objective, reliable, predictable and relatively definitive" rule that has "long governed this aspect of commercial repose of disputes." *Med. Jet S.A.*, 941 So. 2d at 578.

## B.

The docket shows that Plaintiff's complaint was filed on August 11, 2008. (DE 1.) However, Plaintiff's cause of action accrued on or before October 19, 2002 when Plaintiff sent a letter — received by Defendant shortly thereafter — demanding performance and threatening

possible legal action. Alternatively, Plaintiff's cause of action accrued no later than May 21, 2003

when Plaintiff was evicted by Mobile Home Park for what he claims was Defendant's alleged

breach of contract. ("Second Notice," Ex. E, attached to Palomino Aff.; Gurino Aff. ¶ 10.)

Plaintiff has not submitted any admissible evidence disputing Defendant's evidence, nor does

Plaintiff directly challenge that his Complaint was filed five years after any alleged breach.[4]

Thus, the five year statute of limitations period expired at the earliest on October 19, 2007 and at

the latest on May 21, 2008. Consequently, Plaintiff's Complaint is barred pursuant to Florida

Statute §95.11.

      Plaintiff does assert, however, that the statute of limitations defense is inapplicable as

---

[4] DE 55 contains an attachment which Defendant treats as Plaintiff's "Response" pursuant to FED. R. CIV. P. 56 (c) (1) (B). (DE 55, Defendant's Reply, *see* "Motion" Attach. Ex. A at 4.) However, even if taken as a valid Response, the unsworn document contains a list of facts which only remotely address Defendant's Motion. The document also lacks a sworn affidavit to contradict any of Defendant's assertions. "To be admissible in support of or in opposition to a motion for summary judgment, a document must be authenticated by and attached to an affidavit that meets the requirements of Rule 56 (e). . . ." *Saunders v. Emory Healthcare, Inc.*, 360 Fed. Appx. 110, 113 (11th Cir. 2010) (holding that because exhibits were not properly authenticated, the district court was not required to consider them in opposition to defendant's motion for summary judgment.) (citation omitted); *see also Joplin v. Bias*, 631 F. 2d 1235, 1237-38 (5th Cir. 1980) (holding that the district court was correct in granting defendant's motion for summary judgment and denying plaintiff's motion when plaintiff merely raised unsupported allegations and conclusions in his own motion and failed to provide controverting affidavits in response to defendant's motion.) (The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this Court, the district courts, and the bankruptcy courts in the circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*)); *accord Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990) ("a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment").

Plaintiff's case was originally opened in May of 2004[5] and thus the instant Complaint — filed on

August 11, 2008 — should somehow relate back. ("Motion," Ex. A, ¶¶ 26-27, attached to DE

55.) The Court rejects this argument. As a preliminary matter, the Court notes that rule 15(c) of

the Federal Rules of Civil Procedure allows *an amendment* of a pleading to relate back to the

date of the original pleading under certain circumstances. FED. R. CIV. P. 15(c); *see generally*

*Makro Capital of America, Inc. v. UBS AG*, 543 F.3d 1254, 1259 (11th Cir. 2008). Here, Plaintiff

contends that *a new case*, not an amendment, should relate back to his original complaint —

which was dismissed *sua sponte* on July 21, 2005 for failing to plead the $75,000 jurisdictional

prerequisite.[6] (Order Dismissing Case for Lack of Subject Matter Jurisdiction; No. 05-CV-14214,

DE 3.) Yet it is well established that a separately filed claim, as opposed to an amendment or a

supplementary pleading, does not relate back to a previously filed claim. *Benge v. United States*,

17 F.3d 1286, at 1288 (10th Cir. 1994) (citing *Pipkin v. United States Postal Serv.*, 951 F.2d 272,

274 (10th Cir. 1991)); *accord Burkes v. Nassau County Police Dept.*, 2006 WL 3314642, at *2

(E.D.N.Y. 2006) (finding that the relation back doctrine and Rule 15(c) were inapplicable where

Plaintiff's previous case was dismissed and there was no existing complaint pending before the

court to which the instant complaint could relate back); *cf. Dupree v. Jefferson*, 666 F.2d 606,

---

[5] The Court assumes Plaintiff is referring to case number 2:05-CV-14214-KAM in which Plaintiff filed his first complaint against Defendant and Mobile Home Park on April 21, 2004. (DE 2, "Docket Sheet and file containing documents" at 2.) That case was *sua sponte* dismissed for lack of subject matter jurisdiction and remains closed. The instant case was originally filed in the Eastern District of New York and transferred to this district in 2005. (DE 6.)

[6] Plaintiff subsequently chose not to exercise his right to appeal that dismissal pursuant to FED. R. APP. P. 4(A)(1)(A) within the prescribed thirty days and delayed more than three years before filing his present complaint. Most recently, regarding the original case, Plaintiff filed a "Motion to change case status" (DE 5, 05-CV-14214) which the Court construed as a motion for reconsideration and denied.

611 (D.C. Cir. 1981) (holding that the pendency of an action, whether voluntarily or involuntarily dismissed without prejudice, does not operate to toll the running of the statute of limitations). Thus, the Court finds that Rule 15(c) is inapplicable here as Plaintiff has no existing complaint pending before the court to which the instant complaint could relate back.

Next, Plaintiff argues that the statute of limitations should be tolled. Specifically, Plaintiff states that Defendant has been "[c]ontinually absent from the state" and has "no reasonably ascertainable work or abode in the state." (DE 55, *see* "Motion," Ex. A at 4. ¶ ¶ 38-40.) As a result, Plaintiff contends that he was unable to serve Defendant and that Defendant "has interfered with court procedure/process." *Id.* Plaintiff relies on repeated failed attempts by himself and the Court to serve process on Defendant. (DE 17-19; DE 26-33.) Yet Plaintiff brings forth no evidence to support the proposition that Defendant was absent from the state or concealing itself. To be sure, Florida Statute §95.051 provides that "[t]he running of the time under any statute of limitations . . . is tolled by '[a]bsence from the state of the person to be sued[]' and '[c]oncealment in the state of the person to be sued so that process cannot be served on him or her.'" However, although Florida Statute §95.051 does state that the statute of limitations shall not run during the period that a defendant is outside the State (or concealing himself), that statute is inapplicable, and thus no tolling occurs, where the out-of-state (or concealed) defendant is amenable to service of process. *Fernon v. Itkin*, 476 F. Supp. 1 (M.D. Fla. 1977), *aff'd* 604 F. 2d 669 (5th Cir. 1979). The Court file shows that Plaintiff was able to locate and serve Defendant in his initial 2004 claim ("Docket Sheet and file containing documents" at 2, No. 05-CV-14214, DE 2.)[7] and again in the present action. (Summons Issued,

---

[7] *See supra* note 5.

DE 36.) In any event, Defendant's absence or concealment is irrelevant given that Plaintiff did

not file the instant complaint until *after the statute of limitations had run*. Essentially, Plaintiff

appears to be arguing that the statute of limitations should have been tolled when he filed his

complaint and was subsequently unable to serve process on Defendant. But it is already well

established that an action is commenced in Florida by the filing of a complaint, thus tolling any

applicable statute of limitations. *Szabo v. Essex Chemical Corp.*, 461 So. 2d 128, 129 (Fla. 3rd

Dist. Ct. App. 1984). Unfortunately, this is of no assistance to Plaintiff as this Court concludes

that the statute of limitations had already run on August 11, 2008 when Plaintiff filed his

complaint. For the foregoing reasons, Defendant's motion for summary judgment is granted.

## C.

Given that the statute of limitations has run, the merits of this case need not be addressed.

However, even if we were to assume that Plaintiff timely filed his complaint, it appears that, as a

matter of law, Plaintiff has not suffered a breach of contract.

At the heart of this matter is a contract for the sale of a mobile home. It is undisputed that

Plaintiff has paid for the property in full. (Check, Ex. C, attached to Gurino Aff.) The thrust of

this disagreement, then, revolves around Plaintiff's contention that Defendant promised to

provide title and failed to deliver. Both parties agree that Plaintiff requested that the title be

delivered to Ed Farren, a relative of Plaintiff. (Note, Ex. D, attached to Gurino Aff.) Defendant

has submitted a sworn affidavit providing that the title was delivered to Farren per Plaintiff's

request. (Gurino Aff. ¶ 7.) In response, Plaintiff has neither submitted any admissible document

supporting his claim that Farren never received the title, nor has he suggested that any such

evidence exists or could be provided. It is also undisputed that Plaintiff received keys to the

mobile home and was in possession *until he stopped paying rent*. ("Second Notice," Ex. E, attached to Gurino Aff.) Plaintiff fails to explain why he stopped paying rent for use of the land on which he was maintaining the mobile home other than that the mobile home was in Defendant's name. (Compl. at 1.) It appears Plaintiff lost the mobile home because he didn't pay his land rent, not because he did not have legal title.

Thus, based upon the record evidence, it appears that Defendant has fulfilled all commitments and obligations owed to Plaintiff. Defendant sent the title to the address to which Plaintiff requested it be sent. Plaintiff has not shown the presence of any genuine issue of material fact which would preclude Defendant from being entitled to judgment as a matter of law. Nor has Plaintiff shown that he is entitled to summary judgment as a matter of law.

**IV.**

The undisputed facts material to Defendant's limitations defense are sufficient to establish that Plaintiff's cause of action arose as early as October 19, 2002, and, at the latest, on May 21, 2002, more than five years prior to the filing of this cause. The Court has concluded that the filing of Plaintiff's instant complaint shall not relate back to the date of his original 2004 complaint. Further, Defendant's absence from the State of Florida does not serve to toll the running of the statute of limitations. Thus, pursuant to Florida Statute §95.11, this cause is time-barred.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant's motion for summary judgment (DE 44) is **GRANTED**.

2. Plaintiff's motion for summary judgment (DE 38; DE 54) is **DENIED**.

3. Plaintiff's motion for the Court to File Lis Penden (DE 69) is **DENIED** as moot.

10

4. Plaintiff's motion for an investigation on the process server (DE 57) is denied as service of process has been effectuated.

5. The Court will separately enter judgment for Defendant.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 23nd day of June, 2010.

                                  _____

                                  KENNETH A. MARRA
                                  United States District Judge